KOEFFLER, Respondent, vs. THE CITY OF MILWAUKEE, Appellant.

*May 9 — May 23, 1893.*

*Municipal corporations: Unauthorized change of grade of sidewalk: Preliminary injunction: Dissolution.*

A preliminary injunction restraining a city from proceeding under a void statute and ordinance to curb and change the grade of a sidewalk to the injury of the adjoining property, should not be dissolved until the right of the city so to do (claimed to exist by reason of an estoppel or other facts) is established by testimony regularly introduced on a trial of the cause on the merits. The court should not be required to determine the facts upon mere disputed averments in pleadings or conflicting *ex parte* affidavits.

APPEAL from the Circuit Court for *Milwaukee* County.

Under ch. 56, Laws of 1852 (subch. 10, sec. 18), and ch. 184, Laws of 1874 (subch. 7, sec. 8), the city of *Milwaukee* is liable for damages resulting to the owners of lots injured in consequence of a change of grade of any street in that city, if such original grade was established since February 20, 1852, and the street actually graded thereto.

By ch. 254, Laws of 1891, the legislature attempted to take a specified district in that city, consisting of about fifty blocks, out of the operation of the above acts, and to authorize the common council to change the grade of streets in such district without petition therefor, as required in other cases, and without liability of the city to compensate owners of lots injuriously affected by such change of grade. On May 18, 1891, the common council passed an ordinance, without petition, based in terms upon ch. 254, Laws of 1891, changing the grade of divers streets in such district.

In *Anderton v. Milwaukee*, 82 Wis. 279, this court adjudged ch. 254, Laws of 1891, unconstitutional and void, and upheld a preliminary injunction restraining the city from executing the ordinance of May 18, 1891, on a street and sidewalk abutting Anderton's premises.

This action was brought to restrain the city from curbing and raising a sidewalk in front of plaintiff's premises in such district under and by virtue of the same statute and ordinance. The plaintiff obtained a preliminary injunction to that effect, which the city moved to dissolve. The court denied the motion on the ground, expressed in the order, that "the proceedings of said defendant with reference to the change of grade in said complaint alleged are void and contrary to law and the charter of said city of *Milwaukee*, and that said city had no jurisdiction to so make said change of grade." The city appeals from the order denying the motion to dissolve the preliminary injunction.

For the appellant there was a brief by *Conrad Krez*, city

attorney, and *V. W. Seely*, assistant city attorney, and oral
argument by *Mr. Seely.*

*C. A. Koeffler, Jr.*, for the respondent.

LYON, C. J.   It is claimed in the answer of the city and
in the argument that the, proceedings for the change of
grade in question were not taken under ch. 254, Laws of
1891, but under the general charter of the city.   The record
fails entirely, to support this contention.   It is also claimed
that by acquiescence in the paving of the street at the
grade established by the ordinance of May 18, 1891, in
front of his premises, the plaintiff is estopped to object that
the city has no authority to curb and raise the sidewalk to
that grade.   We do not deem it necessary, on this appeal,
to go into this question of estoppel.   The court should not
be required to determine the facts on which the claim of
estoppel is rested upon mere disputed averments in plead-
ings or conflicting *ex parte* affidavits.   Such facts should
be established by testimony taken in due course on the
trial of the issues, before their existence is assumed.   The
same observations are applicable to the claim on behalf of
the city that the street in front of plaintiff's premises was
never graded to, or the sidewalk constructed on, any es-
tablished grade.   In this preliminary proceeding it is suffi-
cient to know that the city is acting under a void statute
and ordinance, and it would be most unjust to allow it to
proceed thereunder, to the manifest injury of plaintiff, until
its right to do so is established by testimony regularly in-
troduced on a trial of the cause on the merits.   The city
must proceed under its charter, without regard to ch. 254,
Laws of 1891, or the ordinance of May 18, 1891, to make
the threatened change in the curbing and sidewalk in front
of plaintiff's premises, or it must wait until the determina-
tion of this action in its favor before it can be allowed to
inflict the threatened injury to plaintiff's property.

We conclude that the circuit court exercised its discretion properly when it refused to dissolve the preliminary injunction, and hence that the order in that behalf should not be disturbed.

*By the Court.*— Order affirmed.